*247
Caria, per

O’Neall, J.
This court agrees with the court below, that the defendant could not plead the statute of limitations. His plea was properly struck out, under the authority of King vs. Westendorf, Dudley’s Rep. 244. The second ground, that “ there was no proof of a demand on the maker, and notice to charge the endorser,” makes the only question of any importance in the case.
There is no doubt the rule is, that “ to hold an endorser liable, the law requires the holder, when the note becomes due, to present it to the promisor for payment, and if the promisor neglect or refuse thereupon to make payment, to give reasonable notice of the dishonor to the endorser.” 3 Met. 496. So, too, the notice of non-payment to an endorser, need not be in any particular form : any is sufficient which gives the endorser to understand that the note has been dishonored.' Willis vs. Pattison, 1 Rice’s Dig. 124, sec. 119; Gilbert vs. Dennis, 3 Met. 496; Tindal vs. Brown, 1 T. R. 167. In Hartley vs. Case, 10 Eng. Com. Law Rep. 350, C. J. Abbott said, “ no precise form of words is necessary to be used in giving notice of the dishonor of a bill of exchange; but the language used must be such as to convey notice to the party what the bill is, and that payment of it has been refused by the acceptor.” So in Solarte et al. vs. Palmer et al. 20 Eng. Com. Law Rep. 228, Tindal, C. J., speaking of the notice to charge the endorser, said, “ it should at least inform the party to whom it is addressed, either in express terms, or foÉÉfecessary implication, that the bill has been dislionoretfBBthe holder looks to him for payment.” The case madron the circuit presents the question, whether a demand of payment from the endorser carries with it an implication that the note has been dishonored. Upon a review of the case, and a comparison of it with the cases of Hartley vs. Case, 10 Eng. Com. Law Rep. 226, and the same case in the House of Lords, 27 Eng. Com. Law Rep. 351, and Gilbert vs. Dennis, 3 Met. 495, I think the verdict below cannot be sustained. The note in this case was protested by Thomas Gadsden, Esq., Notary Public. He states in the protest that he exhibited the note “ at the residence of Edward Lynah, the drawer, and of James Lynah, the endorser, and in their absence left written notices directed to them, and demanding *248 payment, the day of payment having expired.” On reading this statement, it is plain that the notary merely informed the endorser that the day of payment had expired, and that payment was expected from him. This was no notice that payment had been demanded from Edward Lynah, and that he had failed to pay. In Hartley vs. Case, the notice was, “ I am desired to apply to you for the payment of the sum of £150, due to myself on a draft drawn by Mr. Case on Mr. Case, which I hope you will, on receipt, discharge, to prevent the necessity of law proceedings, which otherwise will immediately take place.” In Solarte vs. Palmer, the notice was, “ a bill for £683, drawn by Mr. Joseph Reats upon Messrs. Daniel Jones & Co., and bearing your endorsement, has been put into our hands by Mr. J. R. Alzedo, with directions to take legal measures for the recovery thereof, unless immediately paid.” In Gilbert vs. Dennis, the notice was, “ I have a note signed by C. E. Bowers, and endorsed by you, for $700, which is due this day, and unpaid; payment is demanded of you.” These notices were all held to be insufficient; and on comparing them with Mr. Gadsden’s protest in this case, they seem to contain to the full as much as it did. I think, therefore, a new trial must be had; for, notwithstanding the case was tried by a most intelligent jury of merchants, and the question was submitted to them, whether, according to the usage and understanding of merchants, a demand of payment from the ei^Bfeer carried with it an implication that the bill had be^^Rviously dishonored, and they have found that it did, yet it is now plain that that question was a legal one, and ought to have been decided by the court. The motion for a new trial is granted.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.